UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE No.: <u>12-CV-14 (RRM) (LB)</u>
-------------------------------------------------------------
JOSEPH CAFIERO

      Plaintiff,      AMENDED COMPLAINT

  -against-        PLAINTIFF(S) DEMAND
              TRIAL BY JURY

THE CITY OF NEW YORK,
DET. JERRY BOWENS,
P.O. OMAR BOSTIC (Sh. 900),
SGT. TERRANCE MCCALL (Sh. 2614),
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

      Defendant(s)
-------------------------------------------------------------

  Plaintiff, JOSEPH CAFIERO, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff JOSEPH CAFIERO resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. DET. JERRY BOWENS at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. P.O. OMAR BOSTIC (Sh. 900) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. SGT. TERRANCE MCCALL (Sh. 2614) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On 4/15/2008 plaintiff was riding in a car with his uncle, William Montavo, on Surf Avenue near 37th St. in Brooklyn, NY.

13. At the time plaintiff was only fourteen years old.

14. At approximately 11 am the car was pulled over by an unmarked police car. Upon information and belief P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL were riding in side this car.

15. P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL then proceeded to illegally search Mr. Montavo's car.

16. In the car a small amount of marijuana was found in an ash tray by officer P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL.

17. Mr. Montavo admitted that it was his and asked if he could just receive a ticket.

18. Instead officer P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL arrested both Mr. Montavo and plaintiff.

19. Mr. Montavo told officer P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL and all other officers present that his nephew was only fourteen and that his father needed to be called.

20. Plaintiff also told P.O. OMAR BOSTIC and SGT. TERRANCE MCCALL that he was only fourteen.

21. Mr. Montavo and plaintiff were then taken to the 60th Precinct.

22. At the station house Mr. Montavo again told anyone who would listen that plaintiff's father needed to be called because he was only fourteen.

23. Despite this both Mr. Montavo and plaintiff were strip searched by P.O. OMAR BOSTIC.

24. After this happened, Mr. Montavo began to scream and yell at the officers and told them that they just assaulted a fourteen year old boy.

25. At some point plaintiff's father, Salvatori Cafiero, was indeed called.

26. Plaintiff's father then came to the station house with his son's birth certificate.

27. Once the birth certificate was presented, plaintiff was released into his father's custody.

28. All in all, plaintiff spent approximately 5 hours in custody at the station house.

29. Plaintiff had to make approximately 2 court appearances before being given an ACD. (Docket No. D-6926-08)

30. Plaintiff did not plea to any crimes or violations for any of the above incidents.

31. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

32. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

33. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

35. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

36. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

37. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New

York.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

39. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

40. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C Section 1983-against all Defendants.

42. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

43. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants

deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

44. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

48. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

49. By detaining and imprisoning plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

50. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

51. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

52. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights.  Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

**Assault and Battery--all Defendants**

54. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

55. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

56. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:
**False Arrest and False Imprisonment--all Defendants**

57. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

58. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

59. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

60. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

61. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

62. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

63. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

64. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time.  Defendants, as employer, are responsible for their wrongdoing under the doctrine of respondeat superior.

65. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

### AS FOR A FIFTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

67. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

68. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

69. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

70. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

### AS A SIXTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services-against all Defendants.

72. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

73. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

74. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

75. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

76. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

77. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

9/19/2012
Brooklyn, New York

                                                Respectfully Submitted

                                                /s/
                                          By: Paul Hale, Esq
                                          26 Court St. Ste 913
                                          Brooklyn, NY 11242
                                          (718) 554-7344